(Decided 22nd May, 1884.)

MAURY McCOY *vs.* THEOPHILUS B. HORWITZ, Adm'r c. t. a. of VASHTI BARTLETT.

*Construction of Will—Investments by Trustees—Construction of sec. 237, of Art. 93 of the Code.*

The will of a testator contained the following clause: "I hereby direct, and my will is, that there shall be paid to each of my said four grandsons, the sum of one thousand dollars ($1000) upon his arrival at the age of twenty-one years, and in case of the death of any one of them before attaining such age, his amount of one thousand dollars shall pass to the survivor or survivors, but if none shall live to attain such age of twenty-one years, then the said amount of one thousand dollars intended for each shall pass as a part of the rest and residue of my estate; and I do further direct that my executors shall set aside some security or asset of mine (with power to them and their successors to invest and re-invest and sell,) valued by them at four thousand dollars, the income of which shall be applied for the uses and support of my said grandsons during their minority, the principal paid as hereinbefore directed as they shall respectively attain the age of twenty-one years." The son and the widow of the testator were appointed his executors. The son declined, and the widow administered alone. She did not set aside any of the securities or assets of the estate, valued at four thousand dollars, although there were valuable securities belonging to said estate sufficient for this purpose; but invested four thousand dollars of the moneys belonging to the estate in certain gas stock, which was afterwards sold at a loss under a decree of Court. On a bill filed by one of the grandsons,

after arriving at age, against the administrator *c. t. a.* of the executrix, claiming from her estate the loss he had sustained by the depreciation of said gas stock, it was HELD:

1st. That as the proceedings showed that the investment was made by the executrix in good faith, and that the gas stock was selected by her as an investment in the reasonable and honest exercise of her judgment, her estate was not liable for the loss.

2nd. That by the investment of money in the purchase of gas stock, instead of setting aside some "security or asset" of the estate for the grandsons, no breach of trust was committed.

3rd. That by analogy, sec. 237 of Art. 93 of the Code, respecting investments by administrators and guardians, under an order of the Orphans' Court, and authorizing investments in "bank stock or other good security," supplied a justification in this case of the investment made in gas stock.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from a decree of the Circuit Court (FISHER, J.) dismissing the bill of the complainant. The case is stated in the opinion of this Court.

The cause was argued before MILLER, YELLOTT, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Benjamin F. Horwitz,* for the appellant.

*S. Teackle Wallis,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This appeal involves the construction of the fifth clause of the will of George Bartlett, which is in the following words: "Fifth. I hereby direct, and my will is, that there shall be paid to each of my said four grandsons, the sum of one thousand dollars, ($1,000,00,) upon his arrival at the age of twenty-one years, and in case of the death of any one of them before attaining such age, his amount of one thousand dollars shall pass to the survivor or sur-

vivors, but if none shall live to attain such age of twenty-one years then the said amount of one thousand dollars intended for each shall pass as a part of the rest and residue of my estate ; and I do further direct that my executor shall set aside some security or asset of mine (with power to them and their successors to invest and reinvest and sell) valued by them at four thousand dollars, the income of which shall be applied for the uses and support of my said grandsons during their minority, the principal paid ss hereinbefore directed as they respectively attain the age of twenty-one years."

The question arises in this way. By the will, the testator's son and his widow (Vashti Bartlett), were made executors. The son renounced and the widow administered alone. She has died, and the bill in this cause was filed by Maury McCoy, the appellant, one of the grandsons mentioned in the fifth clause of the will. The allegation of the bill in substance is, that the executrix, Vashti Bartlett, did not, as was her duty to do, set aside "some security or asset" of the estate, valued at four thousand dollars, although the estate was large, and there were many valuable securities which could have been set aside, but instead invested four thousand dollars of the money of the estate in certain gas stock for the four grandsons mentioned in the fifth clause, which she placed in the custody of a friend for safe-keeping ; that the gas stock had been sold by decree of the Court, and the same had so depreciated in value, that the complainant's one-fourth thereof amounted to only three hundred and sixty-one dollars and eighty-seven cents, instead of one thousand dollars which by the will he was to have when he reached twenty-one years of age ; which age, the bill charges, he has attained. The bill claims against the administrator *c. t. a.*, of Vashti Bartlett, that the deficiency shall be made up from her estate, as the executrix of George Bartlett, on the theory of a breach of trust in not properly executing the directions of her testator's will.

The answer denies the construction of the will contended for by the appellant, admits the *facts* of the case as alleged, but avers that the investment was made "in good faith, and the honest and reasonable exercise" of the judgment of the executrix, and that her estate is not liable for the depreciation in the gas stock, and the consequent loss to the legatees under the fifth clause. As the case was heard on bill and answer, the facts are undisputed, including the averment in the answer that the investment was made by the executrix in absolutely good faith, and that the gas stock was selected by her as an investment in the reasonable and honest exercise of her judgment.

The intention of the testator being always the primary object to be sought for, it is well to look at the other clauses of the will to see what was the extent of the confidence the testator had in his wife's judgment and discretion in other respects, as reflecting light upon that conferred respecting the investments for the grandsons. By the second clause of the will he appropriates twelve thousand dollars of certain designated stock, as a trust fund, in the hands of the executors, to produce an annuity for the persons named in that clause, but gives the trustees, the executors, no power to change the investment. To his only son he gives nothing directly except by way of abating an indebtedness from him to the testator. He has confidence in the son, for he makes him co-executor, and co-trustee with his mother, wherever trustees are appointed; but greater trust and confidence are reposed in the wife. Manifestly he thought her discretion very superior. By the seventh section this is clearly indicated. It reads thus: "Having entire confidence in the *discretion* of my beloved wife, and knowing her affection for my son and grandsons, and believing that if she survives me, that she will make a proper distribution of my estate after her death, I hereby give, devise and bequeath

all the rest and residue of my estate, real, personal and mixed, wheresoever situate, unto my beloved wife, Vashti Bartlett, her heirs, executors, administrators and assigns, absolutely and forever."

Thus it is seen that the testator attests the sincerity of the declaration of confidence in his wife's discretion, by confiding to her management the whole of his large estate, which we are told, and it is conceded in the case, amounts to three hundred thousand dollars. It is very clear he had no doubt as to her good judgment and discretion as to what investments would be safe and profitable, and most likely to add to the value of the estate. Looking at the fifth clause and the discretion with respect to the power of investment and reinvestment therein reposed in the executors, of whom the wife was one, and afterwards became the sole executrix and trustee, we cannot think the contention of the appellant's solicitor, that the testator intended his grandsons to have, each, one thousand dollars, on attaining majority, no matter what contingency happened to diminish the value of the securities set aside or afterwards invested in, ought to be sustained. He expected the grandsons to have, each, that amount; and he had no doubt the securities they would select and set aside would produce that sum, when the legacy was payable. Evidently he had equal confidence that any security, the discretion, in which he confided, led his wife to invest in, would realize that amount for the grandsons. He could not have intended to cast on the trustees such a charge and liability as the construction contended for by appellant involves. Although he directs the selection of some security or asset of his estate valued by the executor at four thousand dollars, to yield income for the grandsons during minority, and the *"principal"* to be paid as they respectively attained full age, we cannot think that if the security of his own investment so selected, in pursuance of the will's direction, should by some calamity decrease in

value, or become worthless, that the trustees should make it good. He has set aside no fund to guard against such contingency. He could not have intended his estate to remain unclosed and undistributed until the grandsons had actually received their legacy. He could not have intended the executors, in executing the direction, to select some of his securities for the yielding of income for the grandsons, and a thousand dollars principal each on reaching full age, to thus become the insurers of the "asset" selected. Honest exercise of the large discretion given to change the investment if she thought the interest of the grandsons would be promoted, is all the guaranty on which he relied, or has required. It is contended, however, that because the executors did not take and set aside some "security or asset" of the estate, but instead thereof took money and invested it in gas stock for the grandsons, a breach of trust was committed, and the estate of the executrix is answerable for the deficiency resulting. If the selection had been made, and the security had been set aside, under the power she could the next moment have changed the investment, if her judgment of what was best so prompted. If, therefore, she took the value of the security in money and proceeded to invest for the grandsons it was a substantial compliance with the will. It would have been a nugatory thing to select the security and sell it and then invest. It was more natural to take the money instead, to leave the security in the place of the four thousand dollars and invest that in what she deemed a better investment. That what she did, she did in the honest exercise of her judgment and discretion, is not denied, and is to be assumed; therefore, unless there be some rule of law operative in Maryland to fetter her discretion, notwithstanding its honest exercise, and make that honest act a breach of trust, the decree of the Court below dismissing the bill must be sustained.

The general rule applying to discretionary trusts is, that if trustees exercise discretionary powers conferred on

them in good faith and without fraud or collusion, Courts of equity will not undertake to control their discretion. *Perry on Trusts, secs.* 510 *and* 511. And the learned author cited says this is so, notwithstanding the Court has taken jurisdiction of the trust, for it to be executed under its eye. In respect to the rule regulating the investment of trust funds, the same author says in secs. 452 and 460, that if there are special directions in the instrument creating the trust as to the kind of securities in which trust funds shall be invested, those directions must be followed; but that, in the absence of such *directions* and *powers*, the trustee must be governed by the statute law or rules of the Court in the State where the trust is to be executed; and if there be no such law or rules of Court, then they are to be guided by sound discretion and fair dealing or good faith. The authorities cited are all English, and this Court has declared that the English rule has never been adopted in this State; because there is no law or rule of Court, of general operation, which regulates the matter. *Gray vs. Lynch,* 8 *Gill,* 405; *Evans vs. Iglehart,* 6 *G. & J.* 192. In sec. 459, of *Perry on Trusts,* it is also stated that the rule he laid down was not adopted in Maryland. The learned Judge who decided this case below certifies a general rule of that Court respecting trusts administered in it, but he adds that the Court was in the habit of ordering investments in other securities than those named in the rule certified. The general rules for equity practice recently promulgated by this Court, under constitutional authority, make no provision on the subject. In *Gray vs. Lynch,* 8 *Gill,* 419, the question was whether the trustees should be held liable for investments in bank stock of the United States Bank, which failed; and the Court held they were not answerable for the loss; and that it would be grossly inequitable to charge them with it. The Court said such investment was analogically justified by the Act of 1831, ch. 315, re-

specting investments by administrators and guardians under order of the Orphans' Court, which authorized investment in "bank stock or any other good security." That provision still exists and forms the 237th section of Article 93 of the Code, and supplies the same analogical justification in this case, of the investment made in gas stock; which, when bought, was probably deemed quite as safe and profitable an investment as any which could have been selected. We have had no suggestion that at that time it was not so regarded.

Too much caution cannot be exercised by trustees in the investment of funds confided to their management, but when a discretion is clearly given, and its exercise is conceded to have been honest and with fairest intent, a Court of equity will not charge such trustee, who is really faultless, with the results of an honest mistake in judgment. The decree dismissing the bill will be affirmed.

*Decree affirmed.*

(Decided 22nd May, 1884.)